LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| LUIS CHUISACA,<br>RICARDO BARCENAS and<br>CELESTINO CRUZ,<br>*on behalf of themselves,*<br>*FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| ELEFTHERIA REST CORP.<br>    d/b/a DON COQUI ASTORIA,<br>DC 115 CEDAR NR, LLC<br>    d/b/a GET SOUL,<br>SCF CEDAR LLC<br>    d/b/a SALSA CON FUEGO,<br>DIMITRIOS MITSIOS,<br>JAIME RODRIGUEZ<br>    a/k/a JIMMY RODRIGUEZ,<br>JALEENE RODRIGUEZ,<br>JEWELLE RODRIGUEZ and,<br>JOSEPH D. NIEVES, | |
| Defendants. | |

---

       Plaintiffs, LUIS CHUISACA, RICARDO BARCENAS and CELESTINO CRUZ (herein,

"Plaintiffs"), on behalf of themselves and others similarly situated, by and through their

undersigned attorneys, hereby file this class and collective action Complaint against

1

Defendants, ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA, DC 115 CEDAR NR d/b/a GET SOUL, LLC, and SCF CEDAR LLC d/b/a SALSA CON FUEGO (together the "Corporate Defendants"), DIMITRIOS MITSIOS, JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ, JALEENE RODRIGUEZ, JEWELLE RODRIGUEZ and JOSEPH D. NIEVES ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid wages due to time-shaving, (4) illegally retained gratuities, (5) liquidated damages, and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages (3) unpaid wages due to time-shaving, (4) illegally retained gratuities, (5) unpaid spread of hours, (6) statutory penalties, (7) liquidated damages, and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff LUIS CHUISACA is a resident of Queens County, New York.

6. Plaintiff RICARDO BARCENAS is a resident of Queens County, New York.

7.     Plaintiff CELESTINO CRUZ is a resident of Kings County, New York.

8.     Defendants operate a restaurant enterprise at the following locations with the following tradenames:

  a.  28-18 31st Street, Astoria, NY 11102 (Don Coqui Astoria);

  b.  115 Cedar Street, New Rochelle, NY 10801 (Don Coqui New Rochelle); and

  c.  2297 Cedar Avenue, Bronx, NY 10468 (Salsa Con Fuego) (together, the "Restaurants.").

Defendants' Don Coqui New Rochelle location reopened with a new cuisine concept under the trade name "Get Soul" in or around 2015. Specifically, the Restaurants are or were engaged in related activities, shared common ownership and had a common business purpose. The Restaurants were commonly owned through the common control of Individual Defendants Dimitrios Mitsios (also known as "Greek Jimmy") and Jaime "Jimmy" Rodriguez until in or around January 2013. The Restaurants served similar Puerto Rican menu items and were advertised and marketed jointly on various internet articles (*See Exhibit 1, "Restaurateur Jimmy Rodriguez has made his way back to the city. Don Coqui, his two-year old Puerto Rican restaurant in New Rochelle, opened an outpost in Astoria, Queens, . . . Like the Westchester one, it will offer traditional Boricua staples like mofongo, pernil and arroz con pollo"*). Employees were also interchangeable among the Restaurants.

9.     Defendants operate the Restaurants through the following Corporate Defendants:

 (a) Corporate Defendant ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 28-18 31st Street, Astoria, NY 11102 and an address for service of process located at 77-53 Main Street, Flushing, NY 11367. Defendants operate Don

Coqui Astoria through Corporate Defendant ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA.

(b) Corporate Defendant DC 115 CEDAR NR, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 115 Cedar Street, New Rochelle, NY 10801. Defendants operated Don Coqui New Rochelle through Corporate Defendant DC 115 CEDAR NR, LLC, which is currently doing business as "Get Soul."

(c) Corporate Defendant SCF CEDAR LLC d/b/a SALSA CON FUEGO is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 2297 Cedar Avenue, Bronx, NY 10468 and an address for service of process located at 778 Castle Hill Avenue, New York, NY 10473. Defendants operate Salsa Con Fuego through Corporate Defendant SCF CEDAR LLC d/b/a SALSA CON FUEGO.

10.    Individual Defendants:

(a) Individual Defendant DIMITRIOS MITSIOS is an owner and principal of Corporate Defendant ELEFTHERIA REST. CORP. d/b/a DON COQUI ASTORIA. DIMITRIOS MITSIOS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to DIMITRIOS MITSIOS regarding any of the terms of their employment, and DIMITRIOS MITSIOS would have the authority to effect any changes to the quality and terms of employees' employment. DIMITRIOS MITSIOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably.

DIMITRIOS MITSIOS exercised functional control over the business and financial operations of all Corporate Defendants and could reprimand employees.

(b) Individual Defendant JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ is an owner and equity interest holder of Corporate Defendants ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA and DC 115 CEDAR NR, LLC. JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ regarding any of the terms of their employment, and JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ would have the authority to effect any changes to the quality and terms of employees' employment. JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants and could reprimand employees.

(c) Individual Defendant JALEENE RODRIGUEZ is a co-principal of Corporate Defendant DC 115 CEDAR NR, LLC. JALEENE RODRIGUEZ, the daughter of Individual Defendant JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ, exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv)

otherwise affect the quality of employment. JALEENE RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(d) Individual Defendant JEWELLE RODRIGUEZ is a co-principal of Corporate Defendant DC 115 CEDAR NR, LLC. JEWELLE RODRIGUEZ, the daughter of Individual Defendant JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ, exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. JEWELLE RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(e) Individual Defendant JOSEPH D. NIEVES is a principal of Corporate Defendant SCF CEDAR LLC d/b/a SALSA CON FUEGO. JOSEPH D. NIEVES exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. JOSEPH D. NIEVES exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

11.   At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

12.   At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.   Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14.   At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, including wages due to time-shaving. A subclass of tipped employees has a claim for unpaid minimum wages, including those from improperly deducted tip credit and illegally retained tips. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15.   The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters and bussers ("Tipped Subclass") who also number more than forty (40). Plaintiffs CHUISACA and BARCENAS are members of both the Class and the Tipped Subclass.

19.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate

practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wages, (ii) failing to pay overtime premiums for hours worked in excess of forty (40) in a workweek, (iii) failing to pay wages due to time-shaving, (iv) failing to pay spread of hours premium, (v) failing to provide Class members with proper wage statements with every payment of wages, and (vi) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law. With regard to Plaintiff CHUISACA, Plaintiff BARCENAS and the Tipped Subclass, Defendants failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiffs CHUISACA and BARCENAS and the Tipped Subclass suffered from Defendants' failure to pay minimum wage due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) implemented an invalid tip pooling scheme in which Defendants retained tips in which Plaintiffs and Class members did not agree to, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof. Plaintiffs CHUISACA and BARCENAS and members of the Tipped Subclass claim that Defendants illegally retained gratuities because they were subject to a tip pooling scheme where they were unaware of the tip pool split, not allowed to review tip records and were paid approximately the same amount of tips regardless of whether it was a busy or slow week of work. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class

members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

    c.    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class members for their work;

    d.    Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

    e.    Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York Law requires that all non-exempt employees be paid on an hourly basis;

f.      Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

g.      Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

h.      Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

i.      Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

j.      Whether Defendants took proper amount of tip credit allowance for each payment period under the New York Labor Law;

k.      Whether Defendants established an invalid tip pooling arrangement by illegally retaining Plaintiffs and the Class members' tips;

l.      Whether Defendants established an invalid  tip pooling arrangement by instituting an invalid tip pooling scheme in which Plaintiffs and Class members' did not agree to;

m.      Whether Defendants retained any portion of the gratuities for their tipped employees;

n.      Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and (ii) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

o.     Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

p.     Whether Defendants paid Plaintiffs and Class members the proper minimum wage for all hours worked;

q.     Whether Defendants properly compensated Plaintiffs and Class members their proper overtime under state law;

r.     Whether Defendants paid Plaintiffs and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

24.    Plaintiff LUIS CHUISACA:

(a) In or about August 2011, Plaintiff CHUISACA was hired by Defendants to work as a busboy at Defendants' Don Coqui Astoria restaurant, located at 28-18 31st Street, Astoria, NY 11102. Plaintiff CHUISACA worked for Defendants until on or about August 1, 2016.

(b) From the start of his employment with Defendants until or around August 2014, Plaintiff CHUISACA was regularly scheduled to work seventy-two (72) hours per week from 4:00am to 4:00pm for six days a week. From or about August 2014 until the end of his employment with Defendants, Plaintiff CHUISACA regularly worked forty-six (46) hours per week from 5:00am to 4:30pm for four days a week. Plaintiff CHUISACA was required to work without any lunch break on a daily basis.

(c) Throughout his entire employment with Defendants, Plaintiff CHUISACA was paid below the New York State minimum wage. From the start of Plaintiff CHUISACA's employment with Defendants until on or about December 31, 2015, Plaintiff was also paid below

the federal minimum wage rate. Specifically, from the start of Plaintiff CHUISACA's employment with Defendants until on or about December 31, 2015, Plaintiff was paid an hourly rate of $5.00 per hour, for all hours worked. From on or about January 1, 2016 until the end of Plaintiff's employment with Defendants, Plaintiff CHUISACA was paid an hourly rate of $7.50 per hour, for all hours worked. At all times, Plaintiff CHUISACA was a tipped employee.

25. Plaintiff RICARDO BARCENAS:

(a) In or about August 2011, Plaintiff BARCENAS was hired by Defendants to work as a waiter at Defendants' Don Coqui Astoria restaurant, located at 28-18 31st Street, Astoria, NY 11102. In or around February 2013, Plaintiff BARCENAS was transferred to work at Defendants' Don Coqui New Rochelle restaurant, located at 115 Cedar Street, New Rochelle, NY 10801. In or around August 2013, Plaintiff BARCENAS was transferred to work at Defendants' Salsa Con Fuego restaurant, located at 2297 Cedar Avenue, Bronx, NY 10468. Plaintiff BARCENAS worked for Defendants until around November 2013.

(b) Throughout his employment with Defendants, Plaintiff BARCENAS was regularly scheduled to work fifty-five (55) hours per week from 4:00pm to 3:00am for five days a week. Plaintiff BARCENAS was required to work without any break on a daily basis.

(c) Throughout his entire employment with Defendants, Plaintiff BARCENAS was paid below the New York State and federal minimum wage. Specifically, throughout Plaintiff's employment with Defendants, Plaintiff BARCENAS was paid an hourly rate of $5.00 per hour, for all hours worked. At all times, Plaintiff BARCENAS was a tipped employee.

26. Plaintiff CELESTINO CRUZ:

(a) On or about June 1, 2012, Plaintiff CRUZ was hired by Defendants to work as a food preparer at Defendants' Don Coqui Astoria restaurant, located at 28-18 31st Street, Astoria, NY

11102. At least on one occasion, Plaintiff CRUZ was required to work for a week at Defendants' Salsa Con Fuego restaurant, located at 2297 Cedar Avenue, Bronx, NY 10468. Plaintiff CRUZ worked for Defendants until on or about June 1, 2014.

(b) Throughout his employment with Defendants, Plaintiff CRUZ was regularly scheduled to work fifty-two (52) hours per week as follows: from 4:00pm to 12:00am on Mondays, Wednesdays, Thursdays and Sundays and from 4:00pm to 2:00am on Fridays and Saturdays. Plaintiff CRUZ was required to work without any break on a daily basis. Other non-exempt back of the house employees worked similar or longer hours and all non-exempt back of the house employees were not required to clock in or clock out their hours.

(c) Throughout his entire employment with Defendants, Plaintiff CRUZ was paid a fixed salary of $100 per workday, regardless of actual hours worked. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff CRUZ. Other non-exempt back of the house employees were similarly paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty in a workweek.

27.    At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime premium rate of time and one half of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of the FLSA and NYLL.

28.    Plaintiffs CHUISACA and BARCENAS, FLSA Collective Plaintiffs and Class members were paid below the minimum wage. Defendants paid them at the invalid "tip credit" minimum wage of $5.00 per hour, which is less than the Federal and New York State minimum wages. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass members,

Defendants were not entitled to take any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) illegally retained gratuities, (vii) implemented an invalid tip pooling because Defendants retained tips, (viii) failed to accurately track daily tips earned or maintain records thereof, (ix) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (x) failed to provide a proper wage statement with every payment of wages informing Plaintiffs and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

29.    Plaintiffs CHUISACA and BARCENAS, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass members suffered from Defendants' retention of gratuities through Defendants' invalid tip pooling arrangement. Plaintiffs and other non-exempt tipped employees were subject to a tip pool they did not agree to and were unaware of their split in the tip pool, which was managed by Defendants. Plaintiffs requested but were not permitted to review tip records. Defendants retained tips through the tip pooling arrangement by retaining a portion of the tips and distributing the remaining portion to tipped employees such that tipped employees received approximately the same amount of tips per week, regardless of whether it was a busy or

slow week of work. Such improper tip pooling policy invalidates Defendants' tip credit allowance.

30. Plaintiffs CHUISACA and BARCENAS, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass members were required to engage more than 20% of their working time in non-tipped related activities, including cleaning the bathroom, dishwashing, preparing bread and butter baskets, sweeping the public sidewalk and taking out the garbage. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by the tipped employees.

31. At all times, Plaintiffs were required to arrive at least twenty (20) minutes before their shift started to change into their uniform for five (5) minutes and to begin work at least fifteen (15) minutes before their scheduled shift. For example, Plaintiff BARCENAS' shift started at 4:00pm, but he was required to be on the restaurant floor working by 3:45pm. Defendants failed to compensate Plaintiffs, FLSA Collective Plaintiffs and the Class for this work time.

32. Plaintiffs and the Class had workdays that regularly exceeded ten (10) hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

33. Defendants failed to provide Plaintiffs and the Class members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive any wage notice either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

34. Plaintiffs and Class members received wage statements that were not in compliance with the New York Labor Law. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy

the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiff BARCENAS and the Tipped Subclass members received fraudulent wage statements that also failed to accurately reflect the number of hours worked and their proper compensation. Plaintiff CRUZ and other non-exempt back of the house employees also received fraudulent wage statements. Specifically, these wage statements were fraudulent because non-exempt back of the house employees were paid on an illegal fixed salary basis and Defendants provided wage statements that indicated the number of days Plaintiff CRUZ worked under "hours," instead of actual hours worked, and the rate was incorrect as it was not his hourly rate, but his daily rate. In or around April 2014, Defendants fraudulently adjusted Plaintiff CRUZ's and non-exempt back of the house employees' wage statements to show hourly and overtime hours, however, the hours were inaccurate. Moreover, Defendants provided wage statements that failed to clearly provide, among others, Defendants' phone number, address and dates covered by the payment.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs and Class members.

36. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and the Class for workdays that exceeded ten (10) hours in length.

38.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

39.    Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

40.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.    Plaintiffs reallege and reaver Paragraphs 1 through 40 of this class and collective action Complaint as fully set forth herein.

42.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

43.    At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

44.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

45.    At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

46.   At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip-pooling scheme in which management retained a portion of the tips.

47.   At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

48.   Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

49.   Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

51.   Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

52.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages

pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages and damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

54. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiffs reallege and reaver Paragraphs 1 through 54 of this class and collective action Complaint as fully set forth herein.

56. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57. Defendants willfully violated the rights of Plaintiffs and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58. Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

59. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

60. Defendants willfully violated Plaintiffs and the Tipped Subclass members' rights by instituting an illegal tip-pooling scheme in which Tipped Subclass members were required to

share tips with management. In doing so, Defendants willfully deprived Plaintiffs and Tipped Subclass members of their lawfully earned wages.

61.     Plaintiffs and Class members regularly worked more than ten (10) hours in a workday. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay a "spread of hours" premium for each day they worked ten or more hours.

62.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Moreover, Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL because the wage statements were missing Defendants' telephone phone numbers and because Defendants failed to disclose the proper overtime rate of pay and overtime hours worked.

63.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

64.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid overtime, unpaid minimum wage, damages representing disgorgement of illegally retained tips, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award equal to the amount of the improperly retained tips withheld by Defendants;

f. An award of unpaid "spread of hours" premium due under the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

i.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.   Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiffs as Representatives of the Class; and

m.   Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.


Dated: January 30, 2017

Respectfully submitted,

By:   */s/ C.K. Lee*_____
      C.K. Lee, Esq.

      LEE LITIGATION GROUP, PLLC
      C.K. Lee (CL 4086)
      Anne Seelig (AS 3976)
      30 East 39th Street, Second Floor
      New York, NY 10016
      Tel.: 212-465-1188
      Fax: 212-465-1181
      *Attorneys for Plaintiffs,*
      *FLSA Collective Plaintiffs and the Class*